[Nos. G025980, G026841. Fourth Dist., Div. Three. Sept. 20, 2002.]

SAN DIEGO WATERCRAFTS, INC., Plaintiff and Appellant, v. WELLS FARGO BANK, N.A., as Trustee, etc., Defendant and Respondent.

**COUNSEL**

Raitt & Associates and G. Emmett Raitt, Jr., for Plaintiff and Appellant.

Snell & Wilmer, Richard A. Derevan and Athena Roussos for Defendant and Respondent.

**OPINION**

**RYLAARSDAM, J.**—We reverse a summary judgment because the trial court erred in considering evidence first submitted with the reply filed by defendant, the moving party, and because plaintiff, in opposition to the motion, presented triable issues of material fact whether defendant breached a lease by failing to honor a "right of first refusal." In reaching the first of these conclusions, our previous opinion relied in part on *United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 337 [282 Cal.Rptr. 368] (*United Community Church,* superseded by statute on other grounds). The case enunciated a "Golden Rule" that, in ruling on a motion for summary judgment, evidence not referenced in the separate statement of undisputed facts does not exist. We granted rehearing because we failed to discuss *Kulesa v. Castleberry* (1996) 47 Cal.App.4th 103 [54 Cal.Rptr.2d 669] (*Kulesa*), which articulated a contrary set of principles to be used in analyzing separate statements.

We now decline to follow *Kulesa* because it misinterpreted the summary judgment statute. But we also disagree with *United Community Church* in that the absolute prohibition on consideration of nonreferenced evidence is unsupported by the statute. Based on language in the statute, a trial court's refusal to consider evidence because of a failure to comply with the separate statement requirement should be reviewed using an abuse of discretion standard.

## FACTS AND PROCEDURAL BACKGROUND

Defendant and respondent Wells Fargo Bank, N.A., as trustee of the Corinne Franklin Trust (landlord), leased property to Brittain, Inc. (tenant); tenant is not a party to these proceedings. Thereafter, tenant assigned the lease to plaintiff and appellant San Diego Watercrafts, Inc. (assignee). The lease contains a right of first refusal in favor of tenant. Assignee complains of landlord's failure to honor this right before selling the property to another entity. In granting summary judgment, the trial court determined landlord satisfied its duty to offer the property to tenant (and hence to assignee) when, before tenant assigned the lease, landlord offered the property to tenant and the latter rejected the offer.

The relevant portion of the lease is entitled "Right of Negotiation to Purchase Project" and requires that, before offering to sell to or accepting an offer to buy from a third party, landlord must offer the property to tenant on the same terms. It also provides "Tenant's rights under this Section . . . shall remain in effect only until such time as Tenant shall first have had the opportunity to accept Landlord's Offer under this Section . . . and if Tenant does not timely and properly accept Landlord's Offer at such first opportunity, then this Section . . . shall be of no further force and effect whatsoever."

When it assigned the lease, tenant warranted to assignee that the original lease had not been modified in any respect. Landlord consented to the assignment in a writing confirming that "all the terms, conditions, provisions and covenants of the Lease shall remain in full force and effect . . . ." Six months after the assignment, landlord advertised the property for sale, specifying in its sales materials that assignee had "the first right to purchase the Subject Property." Thereafter, landlord sold the property to a third party without giving assignee the notice described in the "Right of Negotiation" provision. Based on these allegations, the complaint sought damages, specific performance, and declaratory relief.

Landlord based its motion for summary judgment on the fact that, before tenant assigned the lease to assignee, landlord had offered the property to

tenant in connection with an aborted sale to a third party and tenant had rejected the offer. Landlord argued this earlier offer to tenant satisfied its duty under the lease provision granting tenant a right of first refusal. Characterizing the provision as a "one-time right," landlord contended that, before the assignment of the lease to assignee, the right of first refusal had already been extinguished, even though the third party offer that provided the basis for the earlier notice to tenant ultimately did not result in a sale of the property.

Landlord also relied on the declaration of Dawn C. Brittain, tenant's agent. She acknowledged landlord had offered the property to tenant before the assignment and tenant had been unable to accept the offer. She further expressed the opinion that, once she declined the offer, landlord had no further duties under the provision, and she had signed a statement that the right of first refusal "shall have no further force and effect whatsoever."

In opposition to the motion, assignee submitted evidence that four months before giving notice to tenant, landlord had begun discussing sale of the property with brokers, and the notice to tenant specified a purchase price of $1,070,000, although landlord had previously offered the property to other prospective buyers for $990,000. Assignee contended that, by failing to disclose these facts to tenant, landlord had procured tenant's purported waiver of the right of first refusal by fraud. Assignee also asserted the purported waiver was void for lack of consideration. Finally, assignee argued that, because landlord never transmitted a proper offer to tenant, the right of first refusal survived.

In its reply to assignee's opposition to the motion, landlord submitted a supplemental declaration of Dawn C. Brittain, containing new facts to rebut assignee's evidence filed in opposition to the motion. Over assignee's objection, the court considered this supplemental declaration in ruling on the motion.

DISCUSSION

*The Court Erred in Considering Late-filed Evidence*

Assignee contends the trial court erred when it considered the supplemental declaration which landlord submitted with its reply papers. We agree.

Code of Civil Procedure section 437c provides "[n]otice of the motion and supporting papers shall be served . . . at least 28 days before the . . .

hearing." (Code Civ. Proc., § 437c, subd. (a); all further statutory references are to this code.) Supporting papers are "affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken." (§ 437c, subd. (b).) Moving party must also "include a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed." (*Ibid.*) While the code provides for reply papers, it makes no allowance for submitting additional evidence or filing a supplemental separate statement. (§ 437c, subd. (b).) This is consistent with the requirement supporting papers and the separate statement be served with the original motion. (§ 437c, subd. (a).)

Section 437c, subdivision (c) directs the court to "consider all of the evidence set forth in the papers, except that to which objections have been made and sustained by the court . . . ." Subdivision (b) authorizes the court to grant summary judgment for failure to comply with the separate statement requirement: "The failure [of moving party] to comply with this requirement of a separate statement may in the court's discretion constitute a sufficient ground for denial of the motion." Subdivision (b) similarly empowers the court to grant the motion where the opposing party fails to comply with the requirement.

Because landlord did not file the supplemental declaration until after it received the opposition, the facts in the declaration were not referenced in the separate statement of undisputed facts submitted with the motion. Does this fact, standing alone, prohibit the trial court from considering the evidence? In *United Community Church*, the court adopted a statement made in Justice Zebrowski's article, *The Summary Adjudication Pyramid* (Nov. 1989) 12 L.A. Law. 28, 29: " 'This is the Golden Rule of Summary Adjudication: if it is not set forth in the separate statement, *it does not exist.*' " (*United Community Church, supra,* 231 Cal.App.3d at p. 337.) ▪ Except under limited circumstances not applicable here, the same procedures apply to both motions for summary judgment and motions for summary adjudication. (See § 437c, subd. (f); *Toigo v. Town of Ross* (1998) 70 Cal.App.4th 309, 324 [82 Cal.Rptr.2d 649].) ▪ Thus, if the "Golden Rule" is a correct statement of the law, it applies with equal force to motions for summary judgment.

In *Kulesa*, two of our former colleagues, without considering the "Golden Rule" of *United Community Church*, held that subdivision (c) of section 437c, which directs the court to consider "all of the evidence," trumped subdivision (b), which authorizes the court to grant summary judgment for failure to comply with the separate statement requirement. (*Kulesa, supra,* 47 Cal.App.4th at p. 111.) This analysis was faulty. In effect, the *Kulesa* majority interpreted the statute in a self-contradictory manner as meaning the

court may ignore evidence not referenced in the separate statement but, if there is evidence not referenced in the separate statement, the court must nevertheless consider it.

The *Kulesa* dissent, written by the author of the present opinion, posited that the court is entitled to "decide the case on the basis of how it was presented and, specifically, to assume all relevant facts were presented in the statutorily required separate statement." (*Kulesa, supra,* 47 Cal.App.4th at p. 117 (dis. opn. of Rylaarsdam, J.).) It interpreted the section 437c, subdivision (c) requirement that the court consider all evidence submitted as being limited, under subdivision (b), by the discretionary power of the court to ignore evidence not identified in the separate statement. (*Kulesa,* at p. 119.) Such an interpretation reconciles the two parts of the statute rather than effectively eviscerating one part by holding it must be ignored because of another part. ■ The dissent's construction is consistent with the requirement "[s]ignificance, if possible, should be attributed to every word, phrase, sentence and part of an act in pursuance of the legislative purpose, as 'the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole.'" (*DeYoung v. City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr. 722], overruled on other grounds in *Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 15 [78 Cal.Rptr.2d 1, 960 P.2d 1031].)

■ A construction permitting the court to disregard evidence not referenced in the moving party's separate statement recognizes the most efficient manner for trial judges to use these statements of undisputed facts in ruling on motions for summary judgment. When the moving party's statement is laid side by side with the opposing party's responsive separate statement, the court is directed to the specific evidence supporting any facts alleged to be disputed. Using this process, the court need only review evidence pertaining to disputed facts; there is no need for it to review evidence supporting facts which are agreed to be undisputed nor evidence not referenced in the moving party's separate statement or in the opposing party's responsive statement, at least insofar as the opposing party relies on facts which are claimed to be disputed. As *Artiglio v. General Electric Co.* (1998) 61 Cal.App.4th 830, 842 [71 Cal.Rptr.2d 817] explains, " 'That the fact *could have been found* in the filed documents is of no value, because this would have imposed on the trial court the impossible burden of determining both the existence and [the] significance of facts unmentioned by the parties.' [Citation.]."

We are not here deciding how the trial court should deal with undisputed evidence, which may be submitted in opposition to the summary judgment

motion. Possibly because of a legislative oversight, the statute requires the opposing party's separate statement to respond to the facts asserted in moving party's statement and to state "any other material facts which the opposing party contends are disputed." (§ 437c, subd. (b).) In opposing the motion, a party may rely on facts which it contends are undisputed. If the opposing party relies on such facts that in opposition to the motion, may the court disregard it because it is not included in the opposition statement of "disputed facts"? A clarification of this much-amended statute seems required. But we leave that issue for another case.

We reject the rule enunciated in *Kulesa* that required the court to consider all evidence whether referenced in the separate statements or not, and hold instead that, in ruling on a motion for summary judgment, a trial court must consider all the evidence submitted, except the court may ignore evidence not disclosed in moving party's separate statement of undisputed facts. But we also reject the absolute prohibition against consideration of nonreferenced evidence, which seems to be the substance of the "Golden Rule" of *United Community Church*. In rejecting the "Golden Rule," we recognize that a large number of other courts have adopted this concept, if not the language. (E.g., *Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1282 [114 Cal.Rptr.2d 898]; *O'Byrne v. Santa Monica-UCLA Medical Center* (2001) 94 Cal.App.4th 797, 800, fn. 1 [114 Cal.Rptr.2d 575]; *Consumer Cause, Inc. v. SmileCare* (2001) 91 Cal.App.4th 454, 472 [110 Cal.Rptr.2d 627]; *Thrifty Oil Co. v. Superior Court* (2001) 91 Cal.App.4th 1070, 1075, fn. 4 [111 Cal.Rptr.2d 253]; *Waisbren v. Peppercorn Productions, Inc.* (1995) 41 Cal.App.4th 246, 263 [48 Cal.Rptr.2d 437]; *North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 30-31 [21 Cal.Rptr.2d 104]; *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1563, fn. 7 [8 Cal.Rptr.2d 552].)

In spite of this unquestioned acceptance of the "Golden Rule," we respectfully submit the statute demands a rule composed of a baser metal. The "Golden Rule" fails to note that the statute speaks in terms of the trial court's discretion: "The failure to comply with this requirement of a separate statement may *in the court's discretion* constitute a sufficient ground for denial of the motion." (§ 437c, subd. (b), italics added.) Therefore, we may not mechanically conclude, as the "Golden Rule" would have us do, that the court should never consider evidence not referenced in the separate statement. The statute is permissive, not mandatory: "[f]acts stated elsewhere [than in the separate statement] *need not be* considered by the court [citation] . . . ." (*Fleet v. CBS, Inc.* (1996) 50 Cal.App.4th 1911, 1916, fn. 3 [58 Cal.Rptr.2d 645], italics added; see also *North Coast Business Park v. Nielsen Construction Co., supra,* 17 Cal.App.4th at p. 31; *Wilson v. Blue*

*Cross of So. California* (1990) 222 Cal.App.3d 660, 671 [271 Cal.Rptr. 876].) Whether to consider evidence not referenced in the moving party's separate statement rests with the sound discretion of the trial court, and we review the decision to consider or not consider this evidence for an abuse of that discretion.

Under this analysis, the result in *Kulesa* may be justified, even if its rationale may not. The facts before the court were relatively simple, and the evidence that compelled denial of the motion for summary judgment was clearly called to the attention of court and counsel. "[T]he most cursory review of all the papers shows the motion to be utterly without factual or legal merit . . . ." (*Kulesa, supra,* 47 Cal.App.4th. at p. 113.) To grant the drastic remedy of summary judgment in the face of a defense obvious to the court and to the moving party, because of a mere procedural failure, was an abuse of discretion and compelled a reversal. (Accord, *Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, 1086 [94 Cal.Rptr.2d 575].) On the other hand, where evidence is not referenced, is hidden in voluminous papers, and is not called to the attention of the court at all, a summary judgment should not be reversed on grounds the court should have considered such evidence. ■ Appellate courts need not address theories that were not advanced in the trial court. (*Central Pathology Service Medical Clinic, Inc. v. Superior Court* (1992) 3 Cal.4th 181, 185, fn. 2 [10 Cal.Rptr.2d 208, 832 P.2d 924].)

■ In exercising its discretion whether or not to consider evidence undisclosed in the separate statement, the court should also consider due process implications noted in *United Community Church.* "The due process aspect of the separate statement requirement is self evident—to inform the opposing party of the evidence to be disputed to defeat the motion." (*United Community Church, supra,* 231 Cal.App.3d at p. 337.)

Here, the evidence not only was omitted from the separate statement, it also was not filed until after assignee had responded to the issues raised in the separate statement. In considering this evidence, the court violated assignee's due process rights. Assignee was not informed what issues it was to meet in order to oppose the motion. Where a remedy as drastic as summary judgment is involved, due process requires a party be fully advised of the issues to be addressed and be given adequate notice of what facts it must rebut in order to prevail. (Cf. *Carabini v. Superior Court* (1994) 26 Cal.App.4th 239, 244 [31 Cal.Rptr.2d 520].)

*Material Issues of Fact Exist*

■ Landlord contends that, when tenant assigned the lease, landlord's duty to tender the property to tenant had already been discharged because the

right of first refusal was a "one-time right." Our decision must rest on more than such a bare contention, and we do not find what we would need to support this conclusion in the record. Instead, there are material issues of fact regarding the right of first refusal which defeat the motion.

First, the lease provision is ambiguous. There is a question as to whether it applies at all where the offer providing the basis for the invocation of the right of first refusal ultimately proves to be unacceptable. Moreover, the phrases "only until such time as Tenant shall *first have had the opportunity to accept* Landlord's Offer" and "*at such first opportunity*" are susceptible to at least two reasonable meanings. They may mean tenant shall be given an opportunity to buy the first time there is a potential sale, or they may mean tenant must be given the first opportunity each time there is a potential sale. The parties introduced conflicting evidence as to the meaning of the provisions, "thereby presenting a question of fact which precludes summary judgment. . . . [Citations.]" (*Walter E. Heller Western, Inc. v. Tecrim Corp.* (1987) 196 Cal.App.3d 149, 158 [241 Cal.Rptr. 677].)

Next, there are the questions whether the offer landlord presented to tenant complied with the contract terms and whether landlord presented the same terms to tenant as those it made to the prospective purchaser. If those terms differed, the offer was in bad faith, and the tenant's right was not extinguished. (*Nelson v. Reisner* (1958) 51 Cal.2d 161, 169 [331 P.2d 17].) Finally, triable issues arise from the conflict between landlord's position the right of first refusal was extinguished before the assignment and its written statement prepared for the benefit of assignee that all the lease terms remained in effect.

## DISPOSITION

The judgment is reversed. Appellant shall recover its costs on appeal. At the time the final judgment is entered herein, the trial court shall determine whether appellant is entitled to attorney fees incurred in connection with this appeal and, if so, the amount thereof.

Sills, P. J., and Bedsworth, J., concurred.

On October 9, 2002, the opinion was modified to read as printed above.