Filed 5/30/13  Kivachitsky v. Mashburn CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MIHAIL KIVACHITSKY, <br><br>        Plaintiff and Appellant, <br><br> v. <br><br> KARI MASHBURN, <br><br>        Defendant and Respondent. | A135580 <br><br> (Contra Costa County <br> Super. Ct. No. C10-02467) |

Plaintiff Mihail Kivachitsky sued defendant Kari Mashburn for damages due to injuries he sustained while working on a construction project at her home.  Defendant moved for summary judgment on the ground that workers' compensation is plaintiff's exclusive remedy.  The motion was granted based on a finding that plaintiff had admitted working sufficient hours on the project to qualify as a residence employee covered by workers' compensation insurance.  Because the evidence permits a contrary finding, we reverse the summary judgment for defendant.

## I.  BACKGROUND

Defendant employed plaintiff as a handyman in her rental property business, and also retained him to construct a gazebo at her residence.  On April 21, 2008, plaintiff fell off a ladder while working on the gazebo and injured his ankle.  Defendant learned of the accident that same day.

Defendant was insured under a homeowner's policy issued by Farmers Insurance Group that provided workers' compensation insurance coverage for residence employees. The policy defined a "residence employee" as "an employee of an insured who performs

1

duties related to the ownership, maintenance or use of the residence premises. This includes employees who perform similar duties elsewhere for an insured. This does not include employees while performing duties related to a business of an insured." (Boldface type omitted.) Consistent with Labor Code sections 3351, subdivision (d), and 3352, subdivision (h),[1] the policy specified that residence employees were employees who, during the 90 calendar days immediately preceding the date of an injury, were employed by the insured for at least 52 hours and earned at least $100 in wages.[2] The policy required defendant to notify Farmers immediately upon learning of a residence employee's injury. (See Lab. Code, § 5401, subd. (a) [employer must furnish an injured employee with a claim form and notice of potential eligibility for workers' compensation benefits within one working day of learning of an injury].)

Defendant did not notify Farmers of plaintiff's injury, or notify plaintiff that she had workers' compensation insurance. Plaintiff did not learn that defendant had insurance until he retained counsel, and Farmers did not learn of his injury until August 2009. When Farmers learned of the injury it began investigating whether plaintiff qualified as a residential employee.

Farmers sent plaintiff a letter dated September 14, 2009, with a copy to plaintiff's counsel, informing him that it had notice of his injury, was handling his workers' compensation claim on behalf of defendant, and was investigating whether the claim was

---

[1] Labor Code section 3351, subdivision (d) states that, "[e]xcept as provided in subdivision (h) of Section 3352," employees eligible for workers' compensation benefits include "any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of the owner or occupant."

Labor Code section 3352, subdivision (h) excludes as eligible employees "[a]ny person defined in subdivision (d) of Section 3351 who was employed by the employer to be held liable for less than 52 hours during the 90 calendar days immediately preceding the date of the injury . . . or who earned less than one hundred dollars ($100) in wages from the employer during the 90 calendar days immediately preceding the date of the injury . . . ."

[2] It is not disputed that plaintiff earned more than $100 working on the gazebo.

compensable. A workers' compensation claims form was enclosed, and the letter advised that plaintiff would be entitled to up to $10,000 of medical treatment when he completed the form and returned it to defendant. Plaintiff later received a December 29, 2009, notice that Farmers was denying him workers' compensation insurance benefits because: "Per LC 3352, you do not meet the requirements of an employee. Per LC 5405, you failed to file a Workers' Compensation claim within the one year statute allowed." (See Lab. Code, § 5405 [specifying one-year deadlines to begin seeking benefits, including one year from the date of injury].)

Plaintiff filed suit on April 9, 2010. His first amended complaint asserted causes of action for negligence and premises liability. Farmers' representatives informed plaintiff's counsel in telephone calls in February 2010 and August 2011 that plaintiff's workers' compensation claim was denied because he did not qualify as a residence employee.

But in August 2011, defendant, represented by Farmers' counsel, filed a motion for summary judgment on the ground that plaintiff had no civil claims against defendant because workers' compensation was his exclusive remedy. Defendant's separate statement of undisputed material facts listed four facts that allegedly justified summary judgment on the negligence count: "1. Plaintiff alleges that he had been employed by defendant to build a gazebo at her home." "2. Plaintiff alleges that he fell and injured himself on April 21, 2008, in the course and scope of his employment, while attempting to build the gazebo." "3. Defendant was the named insured on an insurance policy which provides workers' compensation for persons employed by defendant to perform work on her home." "4. Defendant has asserted workers compensation as plaintiff's sole and exclusive remedy as an affirmative defense in her Answer to plaintiff's complaint." In support of the motion, defendant lodged portions of plaintiff's deposition when he was asked, among other things, about the hours he worked on the gazebo in February, March, and April 2008, during the 90-day period before the injury. In response to the summary judgment motion, plaintiff abandoned his premises liability claim.

The motion for summary judgment was granted in November 2011 because plaintiff had admitted in his deposition that he "worked on the gazebo for at least five full eight-hour days and four half days, for an estimated total of 56 hours" during the 90-day period, more than the 52 hours required to qualify for workers' compensation. Judgment was entered for defendant, and plaintiff moved for a new trial.

The new trial motion was supported by plaintiff's declaration disputing his purported admission to 56 hours of work on the gazebo during the 90-day period. Plaintiff also submitted copies of a claim he filed with the Workers' Compensation Appeals Board in November 2011, and Farmers' February 2012 answer to the compensation claim, filed by counsel for defendant in this case.

Farmers' answer in the workers' compensation proceeding asserted two affirmative defenses. Despite having just obtained summary judgment in this case on the contrary ground, counsel alleged as Farmers' first defense that "[p]er Labor Code section 3352, the applicant does not meet the requirement of an employee as he has worked less than 52 hours within the 90 days preceding the alleged injury date." Farmers' second defense was that "[p]er Labor Code section 5405, the applicant is barred from filing an application as the [applicant] failed to file an application within one year from the date of injury. The date of injury was 4/21/2008 . . . but the applicant [*sic*] was filed on 11/14/2011."

Farmers opposed the new trial motion with, among other things, evidence that it had withdrawn its Labor Code section 3352 defense in the workers' compensation proceeding.

The motion for new trial was denied, and plaintiff has timely appealed from the judgment against him.

## II. DISCUSSION

### A. Scope of Review

"The rules of review [of a summary judgment] are well established. If no triable issue as to any material fact exists, the defendant is entitled to a judgment as a matter of law. [Citations.] In ruling on the motion, the court must view the evidence in the light

most favorable to the opposing party.  [Citation.]  We review the record and the determination of the trial court de novo.”  (*Shin v. Ahn* (2007) 42 Cal.4th 482, 499.)

**B.  52 Hours of Work During the 90-Day Period**

The trial court granted summary judgment in defendant’s favor after it concluded plaintiff was a residence employee because he worked more than 52 hours on defendant’s gazebo in the 90 days before his injury.  Plaintiff disputes that he worked 52 hours on the gazebo in the 90-day period.

(1)  *Record*

The parties supported their positions on summary judgment with declarations, and excerpts from their depositions.  The depositions were taken in 2011, around three years after the April 2008 injury.  Plaintiff testified at his deposition through a Russian interpreter.

Plaintiff said that he did not remember how many days he worked on the gazebo before the accident.  Defendant said that she could not estimate how many hours plaintiff worked on the gazebo, and plaintiff said that he did not keep any record of those hours.  Defendant said that the days plaintiff worked were “variable.”  Some weeks “he worked a couple days, sometimes he didn’t come to work.”  Plaintiff was an artist, and defendant recalled him “flying to Florida to do artwork” during the time he worked on the gazebo.  Plaintiff  said that he had exhibitions in Florida, and that his art business took precedence over work on the gazebo.

When the number of days and hours plaintiff worked on the gazebo during February, March, and April 2008 became the topic of discussion in his deposition, the following exchanges ensued:  “Q.  So lets go back to February of 2008 when you were working on the gazebo. [¶] Do you recall, approximately, how many days out of the week you worked on the gazebo? [¶] A.  There were periods where I would work all full days for weeks. [¶] Q.  So there were times when you worked full days, those were eight-hour days? [¶] A.  Yes.”  Plaintiff admitted that he worked on the gazebo at least two full days in February, two full days in March, and one full day in April, for a total of 40 hours based on his agreement that a full day’s work meant eight hours.

After plaintiff admitted the four full days of work in February and March, defense counsel began asking him about "half days" of work. Unlike "full days," which were specified to be eight hours, the hours in "half days" were never defined or agreed upon. Plaintiff said that he worked on the gazebo at least four half days: two in February, one in March, and one in April. With respect to the half days in February, plaintiff stated: "You see our schedule was very flexible. Because let's say [defendant] had things to do or she had company or visitors, then she would tell me to quit working or stop working on that day. So it was very flexible." As for the half day in April, plaintiff explained: "There were problems with delivering materials. So I showed up to work, there were no supplies, no materials, so I went back."

When it entered summary judgment, the court found plaintiff worked at least 56 hours on the gazebo. Apparently this total comes from including half days of work as four hours each. Plaintiff contested such a calculation in his declaration in support of his motion for new trial, stating: "As translated into Russian, I understood the term 'half days' to mean partial days—days in which I had spent some time working for [defendant], but less than a full day. I did not intend that my answers indicate that for each estimated half day of work, I had spent at least 4 hours of time working as a handyman. [¶] Indeed, I specifically recounted to [defense counsel] one of those partial days that I recalled in or about April of 2008, when I showed up at [defendant's residence] to work on the gazebo project, but could not proceed because the necessary materials had not been delivered to the site. On that occasion, there was very little useful work that I could do, so I left after about an hour. There were other occasions when I showed up to work, but was unable to proceed with the gazebo project because it was raining. There were also occasions when [defendant] asked me to cease working because she had visitors, or because she wanted me to go to another property to work on a different project. [¶] . . . [T]he time estimates that I provided in my deposition were only rough estimates. They may well have overstated the time that I actually worked."

In her opposition to the motion for new trial, defendant argued that plaintiff's declaration was an improper attempt to alter his deposition testimony. The court

6

apparently agreed, and also considered the declaration untimely. At the hearing on the new trial motion, the court said that "the information . . . in the new declaration at least appears on its face to be directed really towards my findings to undermine what was presented before that was the basis for my findings. And the timing of it is troublesome. It really is."

Plaintiff argued that the court was required to consider his declaration because his hours of work on the gazebo were not identified as a material issue of fact before the court's tentative ruling on the eve of the hearing on the summary judgment motion. Plaintiff argued that "a tentative ruling issued at 3:30 with a requirement to oppose it by 4:00 o'clock is not due process. . . . That was not enough time for [plaintiff] to explain what he said in the deposition, what it meant, how he understood the questions. And so the only opportunity we had to provide that information to the Court was through this motion for a new trial." The court replied: "Well, I don't want to nitpick here, but the tentative rulings go up at 1:30 the day before. I'm nitpicking by two hours. But I think there is opportunity."

(2) *Analysis*

Plaintiff raises two arguments to contest the court's finding that he worked at least 56 hours on the gazebo in the 90 days before his injury. He contends first that, when he admitted two full days of work in February, he was referring not only to work on the gazebo, but also to work on other projects for defendant that would not count toward the hours worked as a residence employee. He frames the questions and answer on the point as follows: "Q. . . . I just want to know if you have an estimate as to how many hours you worked as a *handyman* in February 2008? . . . Was it more than two days? . . So you had at least two days, but you're not sure if you had five or more than five? [¶] A. Yes." (Italics added.) The problem for plaintiff is the question he omits to quote before the quoted answer. The transcript reads: "Q. Do you know if you had at least five days of full days of work in February *for work on the gazebo*? [¶] A. I'm not sure. [¶] Q. Do you know if—so you had at least two days, but you're not sure if you had five or more than five? [¶] A. Yes." (Italics added.) Given the italicized language, plaintiff's admission of

7

at least two days of work cannot reasonably be understood to refer to anything other than work on the gazebo.

Plaintiff's other contention is that the court erred when it refused to consider his declaration for a new trial explaining that, at his deposition, he understood questions about "half days" of work to refer to partial days of work, including days when he worked less than four hours. A party may not oppose summary judgment with a declaration "that purports to impeach his or her own prior sworn testimony." (*Scalf v. D. B. Log Homes, Inc.* (2005) 128 Cal.App.4th 1510, 1522.) However, plaintiff's declaration did not contradict his deposition testimony. In plaintiff's deposition, a "full day" was agreed to refer to eight hours, but a "half day" was never defined. Defendant asserts that "during the deposition it was plaintiff who defined a 'full day' as an eight hour day and who used the term 'half day.' " But the term "half day" was broached by defense counsel, not plaintiff, and counsel did not pin down the number of hours understood to be in a "half day." Given that ambiguity, the four half days of work plaintiff admitted did not necessarily mean 16 hours as the court found, or any particular number of hours. Moreover, plaintiff testified that his half day of work in April consisted of arriving at the job and then leaving because there were no building materials—an account that supported his new trial declaration that he equated a half day with any partial day of work.

Nor was the court correct when it rejected the declaration as untimely. By granting summary judgment based on facts not included in defendant's separate statement of undisputed facts, the court disregarded "the Golden Rule of Summary Adjudication: if it is not set forth in the separate statement, *it does not exist*." (*United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 337.) While this rule is not inflexible, the party opposing the motion must, as a matter of due process, be afforded notice of the facts that are allegedly dispositive and an opportunity to rebut them. (*San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 316.) Since plaintiff had no adequate opportunity before the summary judgment hearing to contest the

8

court's finding that he worked 56 hours in the 90 days before his injury, the court should have entertained his showing in the new trial motion on that issue.

Viewing plaintiff's deposition and new trial declaration in the light most favorable to his case (*Shin v. Ahn*, *supra*, 42 Cal.4th at p. 499), we hold that the evidence fails to conclusively establish that plaintiff was a residential employee who must resort to a workers' compensation remedy because he worked on the gazebo for more than 52 hours in the 90 days preceding his injury.[3] While plaintiff admitted five full eight-hour work days (40 hours) during the relevant period, he needed to work an average of at least three hours a day on the four half days of work he admitted (12 hours) in order to meet the 52-hour threshold for coverage. He has not admitted doing so, and the evidence does not compel a conclusion that he did.

## III. DISPOSITION

The judgment for defendant is reversed. Plaintiff is awarded costs on appeal.

_____
Siggins, J.

We concur:

_____
McGuiness, P.J.


_____
Pollak, J.

---

[3] At oral argument, plaintiff claimed that defendant should be precluded under the doctrine of equitable estoppel from asserting that he was a residential employee whose exclusive remedy was in workers' compensation. We will not address this argument because it was not made before the trial court or squarely presented in the briefs in this appeal, and we express no opinion on whether estoppel may apply. (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500; *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 766.) In light of our conclusion, we do not reach plaintiff's other arguments against the summary judgment ruling.