Filed 7/15/16  Parske v. County of Sacramento CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| KRISTEN PARSKE, | |
| Plaintiff and Appellant, | C074808 |
| v. | (Super. Ct. No. 34201200123646) |
| COUNTY OF SACRAMENTO, | |
| Defendant and Respondent. | |

Kristen Parske appeals from a judgment entered after the trial court granted a motion for summary judgment brought by her former employer, the County of Sacramento (County).  The County moved for summary judgment on grounds Parske could not establish her claims under the California Fair Employment and Housing Act

(FEHA). (Gov. Code, § 12900 et seq.)[1] The trial court granted the County's motion and entered a judgment of dismissal from which Parske appeals.

On appeal, Parske contends the trial court erred by (1) finding she did not suffer an adverse employment action, (2) finding she was not performing competently and using this standard even though it did not apply to her claims, (3) considering the County's lack of discriminatory intent even though it is not an element of her claims, (4) ignoring triable issues of fact regarding which party caused the breakdown in the interactive process, (5) failing to liberally construe the evidence and inferences in her favor, and (6) weighing the evidence in ruling on a motion for summary judgment.

As to Parske's first and second causes of action for disability discrimination and failure to accommodate, she has forfeited her arguments for lack of citations to legal authority and the appellate record. So too, she has forfeited her contentions regarding the trial court's failure to construe evidence in her favor and error in weighing the evidence by failing to provide the requisite citations in her opening brief.

As to her third cause of action for failure to engage in an interactive process, we agree with the trial court that Parske was responsible for the breakdown in the interactive process because she decided not to provide the County with any information about her medical condition.

Parske's arguments on appeal do not address her fourth and fifth causes of action for failure to prevent disability discrimination and negligent supervision. Consequently, we do not address the dismissal of these causes of action.

We affirm the judgment of dismissal.

---

[1] Undesignated statutory references are to the Government Code.

## FACTUAL AND PROCEDURAL HISTORY

We set forth only a brief statement of the factual and procedural history of the case due to Parske's forfeiture of all but one of her arguments.

### *Parske's Operative Complaint*

Parske's first amended complaint is the operative complaint in this case, and it alleges she was given no choice but to resign from her job as a social worker for the County. The operative complaint recounts she was placed on approved medical leave from October 2009 until January 2010 for recurring sinus infections, asthma, and chronic bronchitis. In February 2010, Parske requested that the County accommodate her respiratory limitations by allowing her to park nearby and to work from home. The County declined to allow her to work from home but informed her she could take time off as she needed for her medical issues. Parske obtained a disabled parking permit placard that enabled her to park nearby.

The operative complaint alleges that in March 2011, Parske had a severe asthma attack at work and was placed on medical leave until December 2011. The record suggests that when she returned to work, she was placed on a modified schedule from March through June 2011. In April 2011, her managers informed her they could no longer accommodate her schedule. Parske asked to be transferred to another department, but her request was denied. In June 2011, Parske was scheduled to have sinus surgery. Complications from the surgery left her with vision and sinus problems. As a result, her return-to-work date was set for August 2011. Her return-to-work date was extended several times. Parske alleged that, on October 12, 2011, the County informed her she had to return to work within two weeks, or be considered absent without leave, or retire.

3

### *The County's Motion for Summary Judgment*

The County moved for summary judgment on grounds that included: Parske failed to engage in an interactive process to identify a reasonable accommodation and some of her claims were barred for failure to exhaust her administrative remedies. The County acknowledged it knew Parske had an eye injury, but asserted it did not know what tasks she could and could not perform. Parske did not return any of the forms she received from the County that were related to reasonable accommodation, medical verification, and physical description of job duties. The County asserted that "rather than provide the information sought by the County, [Parske] resigned."

### *Summary Judgment in Favor of the County*

The trial court granted summary judgment in favor of the County. In doing so, the trial court sustained all of the County's evidentiary objections. As to the failure to engage in an interactive process, the trial court found the County sent Parske a letter that "instructed [her] to return to work *with or without reasonable accommodation* on October 25, 2011, and enclosed a reasonable accommodation request form, and also medical verification and physician description of job duties forms to be completed by [her] physician." The court further found Parske "acknowledges receipt of this letter and its enclosure . . . . However, she mischaracterizes it by omitting all references to the request for her treating physician's evaluation of what duties [she] could perform, and ignoring multiple pages of Reasonable Accommodation forms, declaring that she 'assumed that the form did not apply to [her] situation.' "

4

DISCUSSION

# I

## *Forfeiture of Claims Due to Deficient Briefing*

On appeal, Parske asserts the trial court erred in dismissing her claims for disability discrimination and failure to accommodate on grounds there was no adverse employment action, Parske was not performing competently, and the County had no discriminatory intent. She also contends the trial court erred by failing to construe the evidence in her favor and by weighing the evidence in granting summary judgment. These claims are forfeited due to deficient briefing on appeal.

## A.

## *Whether Parske Suffered an Adverse Employment Action*

Parske argues the trial court erroneously concluded she did not suffer an adverse employment action under FEHA. However, Parske does not provide a single citation to the appellate record. For lack of citation to the record, we deem her argument to be forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(C); *People v. Miller* (2002) 101 Cal.App.4th 728, 743 (*Miller*) [failure to cite to the record forfeits the claim of error].)

## B.

## *Whether Parske Was Performing Competently*

Parske contends the trial court erred in finding she was not performing her job competently. As with her argument about suffering an adverse employment action, this argument is forfeited for lack of any citation to the appellate record. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Miller*, *supra*, 101 Cal.App.4th at p. 743.) The argument is also forfeited for lack of any citation to legal authority. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; *Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647.)

## C.

### *Trial Court's Consideration of Discriminatory Intent*

Parske asserts the trial court erred in considering discriminatory intent to be an element of a cause of action for disability discrimination. In support of this assertion, Parske does not provide any citations to the appellate record. Consequently, we deem the assertion forfeited. (*Miller*, *supra*, 101 Cal.App.4th at p. 743.)

## D.

### *Whether the Trial Court Properly Construed the Evidence in Parske's Favor in Deciding the Motion for Summary Judgment*

Parske argues the trial court erred by construing the evidence in favor of the County in granting summary judgment. Specifically, she asserts the trial "court concluded that [Parske] was the one who 'chose' to resign instead of seeing that a reasonable jury could easily conclude that [she] was forced to resign, or at the very least she was confused by the options presented to her by her employer. The trial court also concluded that [she] was not 'competent' to perform without any reason or evidence whatsoever. The trial court also inferred that had [Parske] filled out the accommodations paperwork, this would have somehow changed her then existing options of 'either resign, retire, or come back to work before you are released.'"

These contentions are forfeited for failure to cite where in the record the trial court made such determinations or where in the record Parske believes she may have set forth triable issues of fact in a separate statement of facts. (See *San Diego Watercrafts, Inc. v. Wells Fargo Bank, N.A.* (2002) 102 Cal.App.4th 308, 315 [noting all evidence germane to a motion for summary judgment should be presented in a party's separate statement of facts].)

6

Although Parske provides two citations to the record, neither citation points us to a separate statement of facts or proves germane to her assertions. The first citation pertains to County employee Joni Edison's deposition testimony that merely confirmed the contents of the letter sent to Parske. The second citation is to Edison's deposition testimony that she decided not to approve further leave for Parske. The cited deposition testimony did not touch upon the County's willingness to engage in an interactive process or provide reasonable accommodations, relate to Parske's competence to perform her job, or show Parske was confused about the forms she received. In short, her record citations do not support her argument. Accordingly, we deem the contention forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Miller*, *supra*, 101 Cal.App.4th at p. 743.)

## E.

### *Trial Court's Weighing the Evidence*

Parske argues the trial court erred in weighing the evidence in granting summary judgment for the County. For lack of any citations to the appellate record, we deem the argument forfeited. (*Miller*, *supra*, 101 Cal.App.4th at p. 743.)

## II

### *Failure to Engage in an Interactive Process*

Parske argues triable issues of material fact precluded summary judgment on her claim for failure to engage in the interactive process. (§ 12940, subd. (n).) We disagree.

## A.

### *Standard of Review*

In ruling on a motion for summary judgment in a FEHA action, the trial court must view the evidence in the light most favorable to the opposing party and resolve any doubts in favor of the party opposing the motion. (*DeJung v. Superior Court* (2008) 169 Cal.App.4th 533, 539.) We review an order granting summary judgment under the de

7

novo standard of review. (*Scotch v. Art Institute of California* (2009) 173 Cal.App.4th 986, 1003 (*Scotch*).) In doing so, "[w]e independently determine whether the record supports the trial court's conclusion that the plaintiff's discrimination claims failed as a matter of law. (*Prilliman v. United Air Lines, Inc*. (1997) 53 Cal.App.4th 935, 951.)" (*Scotch,* at p. 1003.)

**B.**

***Interactive Process***

"The FEHA makes it unlawful for an employer 'to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.' (§ 12940, subd. (n).) Section 12940, subdivision (n) imposes separate duties on the employer to engage in the ' "interactive process" ' and to make ' "reasonable accommodations." ' (*Wilson v. County of Orange* (2009) 169 Cal.App.4th 1185, 1193; *Wysinger* [*v. Automobile Club of Southern California* (2007)] 157 Cal.App.4th [413, 424–425.)" (*Scotch*, *supra*, 173 Cal.App.4th 986, 1003.)

"To prevail on a claim for failure to engage in the interactive process, the employee must identify a reasonable accommodation that would have been available at the time the interactive process occurred." (*Nealy v. City of Santa Monica* (2015) 234 Cal.App.4th 359, 379 (*Nealy*).)

**C.**

***Parske Did Not Respond to the County's Initiation of the Interactive Process***

On October 12, 2011, the County sent Parske a letter that described four options: (1) to return to work, (2) to retire, (3) to resign, or (4) to request a reasonable

accommodation.[2]  To facilitate her return to work, the County informed Parske that "enclosed are forms you and your physician may complete if you want to request accommodation under the ADA/FEHA."  The County's letter concluded by noting, "If you have any questions regarding this memo, please contact Adrian Johnson, Senior Personnel Analyst, at 875-1301."  One of the enclosures with the County's letter was a five-page form entitled, "Request for Reasonable Accommodation" that Parske and her physician could use to describe her abilities, restrictions, and reasonable accommodations.

The trial court correctly concluded Parske was responsible for the breakdown in the interactive process.  She declined to respond to the County's initiation of the interactive process.  Rather than return any of the reasonable accommodation forms, provide evidence of a disability, or call the County with questions, Parske resigned.  Consequently, Parske cannot meet her burden on summary judgment to establish a claim regarding the County's refusal to engage in an interactive process.  (*Nealy, supra,* 234 Cal.App.4th at p. 380; *Scotch, supra,* 173 Cal.App.4th at p. 1019.)

We also reject Parske's claim the only accommodation that was practical and effective was another extension of her medical leave.  By unilaterally deciding an extended medical leave was the only reasonable accommodation and declining to complete and return the reasonable accommodation, medical verification, and physical description of job duty forms to provide the employer with the information necessary to begin the interactive process, Parske is responsible for the breakdown in the interactive process.

---

**2**     On September 15 or 16, 2011, Parske submitted a request to extend her medical leave to December 12, 2011.  On October 12, 2011, the County denied this request due to the burden her absence has caused to the unit.

The trial court did not err in dismissing Parske's cause of action for failure to engage in an interactive process.

## DISPOSITION

The judgment of dismissal is affirmed. The County of Sacramento shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/s/
HOCH, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
MAURO, J.