Filed 6/22/22  Roudi v. Paydar CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ALEX ROUDI et al.,<br><br>    Plaintiffs, Cross-defendants, and Appellants,<br><br>    v.<br><br>REZA PAYDAR,<br><br>    Defendant, Cross-complainant, and Respondent. | D079405<br><br><br>(Super. Ct. No.<br> 37-2019-00070138-CU-PA-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Gregory W. Pollack, Judge.  Reversed.

Cooley, Steven M. Strauss and Erin Carey Trenda for Plaintiffs, Cross-defendants and Appellants Alex Roudi and Interwest Capital Corporation.

Koning Zollar, Blake M. Zollar and Neal R. Gibeault for Plaintiff, Cross-defendant and Appellant Interwest Capital Corporation.

Williams Iagmin and Jon R. Williams; English & Gloven, Donald A. English and Christy I. Yee for Defendant, Cross-complainant and Respondent.

Plaintiffs, cross-defendants and appellants Alex Roudi and Interwest Capital Corporation (Interwest) appeal from an order awarding defendant, cross-complainant and respondent Reza Paydar $445,661 in contractual attorney fees and $14,473 in costs after Paydar successfully moved to vacate an arbitration award in favor of Roudi and Interwest. The superior court ruled Paydar was the prevailing party entitled to attorney fees and costs because he "(1) defeated Interwest's and Roudi's motion to confirm the arbitration award and (2) succeeded in vacating that arbitration award . . . ." Though the court acknowledged that Paydar had not yet prevailed on the parties' substantive arbitration claims, it nevertheless issued the award in Paydar's favor, reasoning that "post-arbitration judicial proceedings are considered 'a discrete legal proceeding for purposes of determining a party's right to an award of attorneys' fees.' "

Citing *Allen v. Smith* (2002) 94 Cal.App.4th 1270 (disapproved on other grounds in *San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 315), plaintiffs contend the order will be mooted if this court reverses the order vacating the arbitration award in their favor. Paydar does not challenge that proposition or address the cited authority. In our concurrently filed opinion, *Roudi et al. v. Paydar*, No. D078558, we reverse the superior court's order vacating the arbitration award, and direct the court to grant plaintiffs' petition to confirm the award. In doing so, we agree with plaintiffs that the attorney fee order in Paydar's favor must be reversed. (*Friends of Hastain Trial v. Coldwater Development LLC* (2016) 1 Cal.App.5th 1013, 1037; *Samples v. Brown* (2007) 146 Cal.App.4th 787, 811; *Allen v. Smith*, at p. 1284.) " 'An order awarding costs falls with a reversal of the judgment [or order] on which it is based.' " (*Allen v. Smith*, at p. 1284.) After the reversal, the matter of costs is " 'set at large.' " (*Ibid.*)

2

DISPOSITION

The order is reversed.  Plaintiffs shall recover costs in this appeal.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.