Filed 5/23/23  Irvin v. City of Los Angeles CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| TERESA IRVIN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF LOS ANGELES,<br><br>    Defendant and Respondent. | B315165<br><br>(Los Angeles County<br>Super. Ct. No.<br>BC690975) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jon R. Takasugi, Judge.  Reversed and remanded.

Law Offices of Gregory W. Smith, Gregory W. Smith; Koron & Podolsky, Boris Koron, Daniel J. Podolsky; Benedon & Serlin, Douglas G. Benedon and Judith E. Posner for Plaintiff and Appellant.

Hydee Feldstein Soto, City Attorney, Scott Marcus, Chief Assistant City Attorney, Sara Ugaz and Shaun Dabby Jacobs, Deputy City Attorneys, for Defendant and Respondent.

_____

Plaintiff and appellant Teresa Irvin (Irvin) filed this action against her employer, defendant and respondent City of Los Angeles (City), for whistleblower retaliation in violation of Labor Code section 1102.5.[1] Relying on the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792 (*McDonnell Douglas*) to analyze Irvin's claim, the City moved for summary judgment. The trial court likewise applied the *McDonnell Douglas* framework and granted the City's motion. Irvin appealed.

While this appeal was pending, the California Supreme Court issued its decision in *Lawson v. PPG Architectural Finishes, Inc.* (2022) 12 Cal.5th 703 (*Lawson*), which clarified that section 1102.6—not *McDonnell Douglas*—"provides the governing framework for the presentation and evaluation of whistleblower retaliation claims brought under section 1102.5." (*Lawson, supra*, at p. 718.)

Because its moving papers did not employ the correct legal framework, the City failed to meet its burden on summary judgment and its motion should have been denied. We therefore reverse the judgment and remand for further proceedings.

_____

[1]     All further statutory references are to the Labor Code unless otherwise indicated.

## BACKGROUND

I. *The Complaint*

Irvin, a Los Angeles Police Department detective, filed a complaint asserting a single cause of action against the City for retaliation in violation of section 1102.5. Irvin alleged that her commanding officer "falsif[ied] . . . time-sheets . . . by claiming hours worked while conducting personal errands." Specifically, the commanding officer "would routinely go home to cook and/or take care of her 'family' of feral cats" and would also require other officers to care for the cats during work hours. Irvin alleged that when she reported this "unlawful conduct" she was subjected to retaliation, including receiving numerous write-ups and being transferred to another division.

II. *Summary Judgment*

A. <u>The City's motion</u>

The City moved for summary judgment, contending that "the burden[-]shifting analysis of *McDonnell Douglas*" applied. The City explained that framework as follows: "[Irvin] carries the initial burden of establishing a prima facie case by showing that: (1) she engaged in protected activity; (2) the City subjected her to an adverse employment action; and (3) there exists a causal link between the protected activity and the adverse employment action. [Citation.] Assuming a plaintiff can establish a prima facie case, the defendant employer can then produce evidence of a legitimate non-retaliatory reason for the alleged adverse employment action, which the plaintiff can only rebut with 'substantial evidence of pretext.' [Citation.]" (Italics omitted.)

The City argued that Irvin could not establish a prima facie case of retaliation because (a) she did not suffer an adverse

employment action, and (b) there was no causal link between her protected activity and the employment action. Alternatively, if Irvin had made a prima facie case, the City contended that it was still entitled to summary judgment because its actions were taken for legitimate and nonretaliatory reasons and that Irvin could not meet her burden of demonstrating that those reasons were pretextual.

B. Irvin's opposition

Irvin opposed the City's motion, also following the *McDonnell Douglas* framework. Addressing the arguments raised by the City, Irvin contended that triable issues of material fact existed as to whether she could make a prima facie case of retaliation. She also argued that sufficient circumstantial evidence established that the City's proffered legitimate business reasons for its employment actions were pretextual.

C. The City's reply

The City filed a reply, which again employed the *McDonnell Douglas* framework.

D. The trial court's order

After entertaining oral argument, the trial court granted the City's motion for summary judgment  Although the court did not explicitly cite *McDonnell Douglas*, it analyzed Irvin's claim under that framework.

The trial court found that Irvin, having presented evidence that an administrative transfer could limit her opportunities for future promotion, had made a prima facie showing that she had suffered an adverse employment action.[2] The court also found

_____

[2]    The trial court found that Irvin had not met her burden of showing that the issuance of comment cards constituted an adverse employment action, as her "evidence d[id] not support a

4

that Irvin had made a prima facie showing, based on temporal proximity, that a causal nexus existed between her protected activity and the adverse employment action.

The City, however, had met its burden of showing that it had a legitimate, nonretaliatory reason for transferring Irvin—"to be given a 'fresh start with new supervisors and coworkers.'"

The trial court then explained that the burden shifted to Irvin to show that the City's "reason was a pretext"—that is, Irvin's "transfer was at least in part motivated by the fact that she had previously complained about improper practices by [her commanding officer]." The court concluded that Irvin had failed to meet this burden and therefore granted summary judgment for the City.

## III. *Judgment; appeal*

The trial court subsequently entered judgment in favor of the City. This timely appeal ensued.

## DISCUSSION

## I. *Standard of Review*

Summary judgment is properly granted where "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment bears the burden of showing that at least one element of a cause of action "cannot be established, or that there is a complete defense to the cause of action." (Code Civ. Proc., § 437c, subd. (p)(2).) "To carry its initial burden when the motion is directed to the plaintiff's case

---

reasonable inference that the issuance of four comment cards is reasonably likely to adversely and materially affect an employee's opportunity for advancement in his or her career."

rather than an affirmative defense, a defendant must present evidence that either 'conclusively negate[s] an element of the plaintiff's cause of action' or 'show[s] that the plaintiff does not possess, and cannot reasonably obtain,' evidence necessary to establish at least one element of the cause of action. [Citation.] Only after the defendant carries that initial burden does the burden shift to the plaintiff 'to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto.' [Citation.]" (*Luebke v. Automobile Club of Southern California* (2020) 59 Cal.App.5th 694, 702–703.)

We review a trial court's order granting summary judgment de novo, liberally construing the evidence in support of the party opposing summary judgment and resolving doubts concerning the evidence in that party's favor. (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39.)

II. *Framework for Adjudicating Section 1102.5 Claims*

Section 1102.5 is a whistleblower statute that, as relevant here, "prohibits an employer from retaliating against an employee for sharing information the employee 'has reasonable cause to believe . . . discloses a violation of state or federal statute' or of 'a local, state, or federal rule or regulation' with a government agency, with a person with authority over the employee, or with another employee who has authority to investigate or correct the violation. (§ 1102.5, subd. (b).)" (*Lawson, supra*, 12 Cal.5th at p. 709.)

As first enacted in 1984, section 1102.5 "supplied only a set of substantive protections against whistleblower retaliation, unaccompanied by any provision setting forth procedures for proving retaliation. [Citation.]" (*Lawson, supra*, 12 Cal.5th at p. 709.) In 2003, the Legislature filled this gap by adding

6

section 1102.6. (*Lawson, supra*, at p. 709.) Section 1102.6 provides: "In a civil action or administrative proceeding brought pursuant to Section 1102.5, once it has been demonstrated by a preponderance of the evidence that an activity proscribed by Section 1102.5 was a contributing factor in the alleged prohibited action against the employee, the employer shall have the burden of proof to demonstrate by clear and convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in activities protected by Section 1102.5."

After the enactment of section 1102.6, some courts continued to apply the three-part *McDonnell Douglas* burden-shifting framework to evaluate section 1102.5 claims. (See *Lawson, supra,* 12 Cal.5th at pp. 707, 711–712.) "Under that approach, the employee must establish a prima facie case of unlawful discrimination or retaliation. [Citation.] Next, the employer bears the burden of articulating a legitimate reason for taking the challenged adverse employment action. [Citation.] Finally, the burden shifts back to the employee to demonstrate that the employer's proffered legitimate reason is a pretext for discrimination or retaliation. [Citation.]" (*Id.* at p. 708.)

Last year, our Supreme Court held "that section 1102.6, and not *McDonnell Douglas*, supplies the applicable framework for litigating and adjudicating section 1102.5 whistleblower claims." (*Lawson, supra,* 12 Cal.5th at p. 712.) Section 1102.6 first places the burden on the employee to establish, by a preponderance of the evidence, "that the employee's protected whistleblowing was a 'contributing factor' to an adverse employment action." (*Lawson, supra,* at p. 712.) This burden may be satisfied "even when other, legitimate factors also

7

contributed to the adverse action. [Citations.]" (*Id.* at pp. 713–714.) If the employee makes that threshold showing, the burden shifts to the employer to demonstrate, by clear and convincing evidence, "that the alleged adverse employment action would have occurred 'for legitimate, independent reasons' even if the employee had not engaged in protected whistleblowing activities. [Citation.]" (*Id.* at p. 712.)

In contrast to the *McDonnell Douglas* framework, "[u]nder section 1102.6, a plaintiff does not need to show that the employer's nonretaliatory reason was pretextual. Even if the employer had a genuine, nonretaliatory reason for its adverse action, the plaintiff still carries the burden assigned by statute if it is shown that the employer also had at least one retaliatory reason that was a contributing factor in the action." (*Lawson, supra*, 12 Cal.5th at pp. 715–716.)

III. *The City Did Not Satisfy Its Burden on Summary Judgment*

The parties agree that, as held in *Lawson*, section 1102.6 provides the proper framework for analyzing section 1102.5 whistleblower retaliation claims. The parties disagree, however, on how this rule affects the outcome of this appeal. Relying on *Scheer v. Regents of the University of California* (2022) 76 Cal.App.5th 904 (*Scheer*), Irvin urges us to reverse the grant of summary judgment on the ground that the City's moving papers failed to employ the framework mandated by section 1102.6. The City asks us to follow instead the example set in *Vatalaro v. County of Sacramento* (2022) 79 Cal.App.5th 367 (*Vatalaro*) and substantively review and affirm the summary judgment using the section 1102.6 framework in the first instance.

In *Scheer*, the employer successfully moved to summarily adjudicate a section 1102.5 cause of action utilizing the *McDonnell Douglas* framework. (*Scheer*, *supra*, 76 Cal.App.5th at p. 914.) *Lawson* was issued while the plaintiff's appeal was pending. (See *Scheer*, *supra*, at pp. 912–913.) Division Three of the Second District Court of Appeal reversed, explaining that because the employer's moving papers in the trial court "failed to employ the applicable framework prescribed by . . . section 1102.6," the employer had not met its initial burden on summary adjudication and its motion should have been denied. (*Scheer*, *supra*, at p. 914.) Rejecting the employer's suggestion that it could review the grant of summary adjudication and affirm using the proper framework, the *Scheer* court stated: "Our role as an appellate court is to review the trial court's order on the motion the [employer] actually made in the trial court, not to rule in the first instance on whether the [employer is] entitled to summary adjudication on the [section 1102.5] cause of action in light of the . . . section 1102.6 framework." (*Scheer*, *supra*, at p. 915.)

In contrast, in *Vatalaro*, the Third District Court of Appeal affirmed summary judgment in an action brought under section 1102.5 even though the employer had pointed to the wrong standard in its motion. (*Vatalaro*, *supra*, 79 Cal.App.5th at pp. 371, 383–384.) The *Vatalaro* court "conclude[d] that the [employer]'s undisputed evidence would *require* a reasonable factfinder to find it 'highly probable' that the" adverse employment action "would have occurred for legitimate, independent reasons even if" the employee had not engaged in allegedly protected conduct. (*Vatalaro*, *supra*, at p. 386, italics added.) Thus, the employer had "supplied sufficient evidence to

9

satisfy the more demanding standard under section 1102.6."
(*Vatalaro*, *supra*, at p. 384.)

Under the circumstances present here, we elect to follow *Scheer*. Because the City's "moving papers in the trial court failed to apply the . . . section 1102.6 framework, [the City] failed to meet [its] threshold burden" and the motion for summary judgment should have been denied. (*Scheer*, *supra*, 76 Cal.App.5th at p. 915; see also *Ryan v. Real Estate of Pacific, Inc.* (2019) 32 Cal.App.5th 637, 642 ["If the defendant fails to make [its] initial showing [of entitlement to summary judgment], it is unnecessary to examine the plaintiff's opposing evidence and the motion must be denied"].)

Basic principles of fairness also support this approach. "Where a remedy as drastic as summary judgment is involved, due process requires a party be fully advised of the issues to be addressed and be given adequate notice of what facts it must rebut in order to prevail. [Citation.]" (*San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 316.) We cannot foreclose the possibility that Irvin might have presented different evidence or made different arguments in her opposing papers had the City applied the proper legal framework below.

"Now that *Lawson* has clarified the law," the City is not precluded on remand from moving for summary judgment utilizing the proper section 1102.6 framework. (*Scheer*, *supra*, 76 Cal.App.5th at p. 915.)

All other issues are moot.

**DISPOSITION**

The judgment is reversed.  On remand, the City may move for summary judgment in accordance with the framework set forth in section 1102.6.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.*
KWAN

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11