[No. E024929. Fourth Dist., Div. Two. Apr. 13, 2000.]

MICHELE THATCHER et al., Plaintiffs and Appellants, v.
LUCKY STORES, INC., Defendant and Respondent.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2, 4 and 5.

**COUNSEL**

James S. Terrell for Plaintiffs and Appellants.

Watten, Discoe & Bassett and Lisa J. McMains for Defendant and Respondent.

**OPINION**

**GAUT, J.**—Plaintiffs Michele Thatcher and Larry Thatcher appeal summary judgment entered against them and in favor of defendant Lucky Stores, Inc. Plaintiffs contend the trial court abused its discretion in denying their ex parte application for a continuance of defendant's summary judgment motion. Plaintiffs further argue that the trial court erred in granting summary

judgment on the ground plaintiffs failed to file opposition, even though defendant had not met its initial burden of proof.

We conclude defendant met its initial burden of proof, and due to plaintiffs' failure to file opposition, summary judgment was thus proper. We further conclude the trial court did not abuse its discretion in denying plaintiffs' continuance request. Plaintiffs had a history of dilatory prosecution of their action, failed to respond to defendant's extensive discovery, failed to file opposition to defendant's summary judgment motion, and delayed in bringing their ex parte application for a continuance until the day of the summary judgment motion hearing. Furthermore, the trial court was not required to continue the summary judgment motion under Code of Civil Procedure section 437c, subdivision (h), because plaintiffs' continuance request was not included in timely filed opposition to the summary judgment motion and plaintiffs failed to establish that facts essential to justifying opposition might exist but could not be presented prior to the hearing.

## 1.  *Facts and Procedural Background*

On January 8, 1997, plaintiffs filed a personal injury complaint, and filed an amended complaint on March 9, 1998, alleging that on March 28, 1996, Michele Thatcher and her infant were accosted at gunpoint in a Lucky's grocery store parking lot. The gunman took money from Mrs. Thatcher's purse and threatened her life. Plaintiffs alleged that defendant was aware that other violent crimes had occurred in the store parking lot area, and that such activity constituted a dangerous condition and unreasonable risk of harm, of which Mrs. Thatcher was unaware. A month before the incident, Mrs. Thatcher allegedly was accosted in the same parking lot and notified three Lucky's store managers of the incident. Plaintiffs claimed that defendant negligently failed to take steps to make the parking lot safe or warn Mrs. Thatcher that the dangerous condition continued to exist. As a result of the most recent incident, plaintiffs allegedly suffered severe emotional distress, loss of earning capacity, and loss of consortium.

Defendant filed an answer to the complaint on May 15, 1998, and served extensive discovery on plaintiffs. Plaintiffs did not respond to any of defendant's discovery. After the court granted several of defendant's discovery motions and plaintiffs' responses became overdue as to defendant's most recent set of discovery served on November 23, 1998, defendant filed a motion for summary judgment, as well as additional discovery motions. The court set defendant's summary judgment motion before the hearing on the discovery motions.

Defendant argued in its summary judgment motion that plaintiffs did not have any evidence supporting their claims. Attached to the motion was

defendant's attorney's supporting declaration stating that defendant had served plaintiffs with extensive discovery requesting plaintiffs to disclose and provide all evidence supporting their claims against defendant, and plaintiffs failed to respond. Plaintiffs also did not oppose defendant's summary judgment motion.

On February 24, 1999, the day of the hearing on defendant's summary judgment motion, plaintiffs filed an ex parte application requesting the court to continue the summary judgment motion on the grounds plaintiffs' attorney had been ill and his investigators had not had an opportunity to investigate whether there had been violent crimes in the parking lot area where Mrs. Thatcher had been accosted. The trial court denied plaintiffs' continuance request and granted defendant's summary judgment motion on the sole ground that plaintiffs did not oppose defendant's summary judgment motion. Plaintiffs appeal summary judgment.

### 2.   *Standard of Review**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### 3.   *Shifting the Burden of Proof*

Plaintiffs argue the trial court erred in granting summary judgment based solely on the ground plaintiffs failed to file opposition. Plaintiffs assert that, even in the absence of opposition, the court must find that the moving party has met its initial burden of proof before granting summary judgment. Otherwise the court must deny the motion.

The court order granting summary judgment states that the court granted the motion on the ground "plaintiffs failed to file any opposition or opposing separate statement of undisputed facts to the motion." The court's ruling is consistent with Superior Court of San Bernardino County, Local Rules, rule 592,[1] which states: "Failure to serve and file written opposition may be deemed a waiver of any objections and an admission that the motion or demurrer is meritorious."

Local rules are valid and have the force and effect of law only if they are not inconsistent with higher authority, such as statutes, state rules of

---

*See footnote, *ante*, page 1081.

[1]In this opinion, the term "local rule" shall refer to the Superior Court of San Bernardino County, Local Rules, unless otherwise indicated.

court, and case law. (Code Civ. Proc.,[2] § 575.1, Gov. Code, § 68070; *Mann v. Cracchiolo* (1985) 38 Cal.3d 18, 29 [210 Cal.Rptr. 762, 694 P.2d 1134]; *Pacific Trends Lamp & Lighting Products, Inc. v. J. White, Inc.* (1998) 65 Cal.App.4th 1131, 1135 [76 Cal.Rptr.2d 918].)

█ Local rule 592 conflicts with section 437c and case law, which construes section 437c as requiring the moving party to meet its initial burden of proof before the court grants summary judgment, even in the absence of opposition.

Subdivision (c) of section 437c provides: "The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

Subdivision (o)(2) of section 437c provides: "For purposes of motions for summary judgment and summary adjudication: [¶] . . . [¶] A defendant . . . has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established, or that there is a complete defense to that cause of action. Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto."

While these provisions do not expressly state that the court is prohibited from granting summary judgment when the moving party has not met its initial burden of proof, to conclude otherwise would be contrary to the apparent intent of the statute and the strong policy against disposing of cases on procedural deficiencies rather than trying cases on the merits. █ "When the statutory language is ambiguous, the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes. [Citations.] ' "Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent." ' (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 659 [59 Cal.Rptr.2d 671, 927 P.2d 1175].)" (*Pacific Gas & Electric Co.* v. *County of Stanislaus* (1997) 16 Cal.4th 1143, 1152 [69 Cal.Rptr.2d 329, 947 P.2d 291].)

█ In discussing the evolution of section 437c, the court in *Villa v. McFerren* (1995) 35 Cal.App.4th 733 [41 Cal.Rptr.2d 719], stated: "[I]t was a well-established rule under the pre-January 1, 1993, versions of section

---

[2]Unless otherwise noted, all statutory references are to the Code of Civil Procedure.

437c that unless the moving party meets its burden, summary judgment could not be ordered, even though the opposing party has not responded sufficiently or at all. Stated differently, in summary judgment litigation occurring prior to January 1, 1993, there was no obligation on the opposing party to show that a triable issue of material fact existed unless and until the moving party had met its burden. [Citations.] Nothing in the language of the 1992 adoption of section 437c, subdivision (n)(2) amendments abrogates this well-established summary judgment requirement that the initial burden rests with the moving party. In fact, the express statutory language places the burden on the moving defendant or cross-defendant. Furthermore, we have carefully reviewed the legislative committee reports prepared in connection with the 1992 amendments to section 437c and there is no evidence of any legislative intent to modify the initial burden of proof which is allocated to the moving party. (See *Union Bank* v. *Superior Court* [(1995)] 31 Cal.App.4th [573,] 584-585 [37 Cal.Rptr.2d 653].)" (*Villa, supra,* at pp. 743-744; see also *FSR Brokerage, Inc.* v. *Superior Court* (1995) 35 Cal.App.4th 69, 73, fn. 4 [41 Cal.Rptr.2d 404].)[3]

While subdivision (b) of section 437c allows the court, in its discretion, to grant summary judgment if the opposing party fails to file a proper separate statement, this provision does not authorize doing so without first determining that the moving party has met its initial burden of proof.

In *Kulesa* v. *Castleberry* (1996) 47 Cal.App.4th 103, 106 [54 Cal.Rptr.2d 669], the court stated that a trial court must consider all of the papers submitted before exercising its discretion to grant a summary judgment based on the failure to file an adequate separate statement. The *Kulesa* court further concluded that, when "the most cursory review of all the papers shows the motion to be utterly without factual or legal merit, the court has no discretion to grant the summary judgment." (*Id.* at p. 113.) Hence, unless the moving party has met its initial burden of proof, the court does not have discretion under subdivision (b) of section 437c to grant summary judgment based on the opposing party's failure to file a proper separate statement.

Based on the foregoing analysis, we conclude that local rule 592 is invalid as applied to summary judgment motions since it authorizes the court to grant summary judgment based solely on the absence of opposition, without a preliminary finding that the moving party has met its initial burden of proof. Such result conflicts with statutory law and case law construing

---

[3]Citing numerous out-of-state decisions, the *Villa* court noted that "The rule that the moving party is not entitled to a summary judgment unless and until it meets its burden, regardless of whether any opposing evidence is presented, is also recognized under many state statutes." (*Villa* v. *McFerren, supra,* 35 Cal.App.4th at p. 746, fn. 7.)

section 437c, and hence renders local rule 592 void as applied to summary judgment motions. The lack of opposition in the instant case thus was an improper ground upon which to grant summary judgment, in the absence of a finding that defendant met its initial burden of proof.

4., 5.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

6. *Disposition*

The judgment is affirmed. Defendant is awarded its costs on appeal.

Ramirez, P. J., and Richli, J., concurred.

Appellants' petition for review by the Supreme Court was denied July 12, 2000.

---

*See footnote, *ante*, page 1081.