[No. G022816. Fourth Dist., Div. Three. May 23, 2001.]

ASHA BAHL, Plaintiff and Appellant, v.
BANK OF AMERICA, Defendant and Respondent.

**COUNSEL**

Nick O'Malley for Plaintiff and Appellant.

Payne & Fears and Karen O. Strauss for Defendant and Respondent.

## OPINION

**MOORE, J.**—Plaintiff Asha Bahl filed suit against defendant Bank of America on various causes of action arising out of the termination of her employment and defendant's alleged use of her check imprinting idea without compensating her. Defendant filed a motion for summary judgment. Plaintiff requested a continuance because discovery was still ongoing; e.g., transcripts of depositions essential to justify opposition had not yet been received from the court reporter, and defendant produced over 600 pages of documentation after plaintiff filed her opposition to the motion. The court denied the requests for continuance and granted the motion for summary judgment. Plaintiff's right to a jury trial was infringed when the trial court refused a continuance. Public policy dictates that disposition on the merits be favored over judicial efficiency. We reverse and remand.

## I

### FACTS

Plaintiff was employed as a bank teller at Security Pacific National Bank. Security Pacific had an idea exchange program, which provided cash awards for original ideas that resulted in monetary savings to Security Pacific. On February 20, 1991, plaintiff submitted an idea to the program. Her idea was to use a machine to imprint account numbers on checks and deposit slips. Shortly thereafter, plaintiff took a medical leave of absence. In October 1991, Security Pacific informed plaintiff her idea had been rejected.

In April 1992, Security Pacific merged with defendant. Thereafter, plaintiff became aware defendant was using a machine to imprint account numbers on paperwork.

Plaintiff never returned to work. She was terminated on March 5, 1996, and filed a discrimination claim with the Department of Fair Employment and Housing (DFEH) a few days later. On April 25, 1996, she filed her complaint in superior court, based on the purported theft of her idea. In January 1997, plaintiff obtained a right-to-sue letter from the DFEH. The following month, plaintiff filed an amended complaint including causes of action arising out of her termination.

Discovery was slow out of the blocks. Plaintiff's counsel explains he deliberately delayed taking depositions until after plaintiff filed her amended complaint, so as to avert objections about duplicative discovery (should he need to redepose any witnesses on employment-related matters who had earlier been questioned concerning the stolen idea claim). Counsel also maintains he notified the court of his plan during a December 9, 1996 status conference. Defendant commenced plaintiff's deposition on December 19, 1996. It required three sessions and, due to scheduling constraints, was not completed until June 23, 1997. In May 1997, plaintiff noticed her first deposition for June 2, 1997. According to counsel, defendant requested the deposition be postponed until June 25, 1997.

On September 26, 1997, defendant filed a motion for summary judgment, which was set for hearing on October 24, 1997. In support of its motion, defendant submitted the declarations of Josephine De Gracia and Jeralee Giannini. De Gracia was defendant's vice-president in charge of the idea exchange program, who had communicated with plaintiff in 1995 about the fate of her idea. Giannini, defendant's vice-president and business automation consultant, was responsible for the development of defendant's Teller Automated Workstation (TAW) system, used to imprint account numbers on checks and deposit slips. Giannini declared defendant began to develop and implement the TAW system in 1989 and had fully implemented it in California by early 1990.

Also on September 26, 1997, plaintiff set in motion the depositions of De Gracia and Giannini. The day after De Gracia's deposition, plaintiff served a document request for the production of any and all documents pertaining to the history of the TAW system and of any other procedure utilized by defendant to imprint customer account numbers on deposit slips.

In her opposition papers, filed on October 14, 1997, plaintiff requested a continuance pursuant to Code of Civil Procedure section 437c, subdivision (h). In support of this request, plaintiff filed her own declaration and one of counsel. Counsel declared discovery was not complete, especially with respect to the purported theft of plaintiff's idea. He also reminded the court that prosecution of the litigation had been delayed because of the DFEH proceedings. Plaintiff declared that she had been one of defendant's depositors since 1982, and did not observe any of defendant's employees imprinting her account number on her deposit slip until the early 1990's, probably 1992 or 1993.

The day after plaintiff filed her opposition to the motion, defendant produced over 400 pages of additional documentation pertaining to the TAW system. Defendant subsequently provided plaintiff with 195 additional documents. On appeal, defendant cites these documents as proof it began imprinting account numbers on items before the merger.

Because of the court's calendar, the judge continued the hearing on the summary judgment motion to November 14, 1997, 17 days before the scheduled trial date. But by November 12, 1997, plaintiff's counsel had just received a copy of the Giannini deposition transcript, and had not had time to "digest" it. He believed Giannini's testimony pertained to defendant's TAW system validation procedures, but not to the type of imprinting procedure plaintiff had described in the idea she submitted. He therefore sought a further deposition of the most knowledgeable witness on the history of the consideration and implementation of defendant's procedure for imprinting account information on items.

On November 12, 1997, plaintiff filed "supplemental" opposition papers containing another request for continuance of the hearing. In addition, she filed a separate ex parte application requesting the court to continue either the trial date or the summary judgment hearing date, and/or to permit the filing of the supplemental opposition to the summary judgment motion. In declarations supporting the requests for continuance, plaintiff's counsel provided information concerning the Giannini deposition and deposition transcript, the need for additional depositions, and the hundreds of pages of additional documentation received since the last request for a continuance.

The court denied plaintiff's requests for a continuance of the summary judgment motion and granted defendant's motion. Judgment was entered in defendant's favor. Plaintiff submitted a combined motion for reconsideration (Code Civ. Proc., § 1008) and for relief from the order granting summary judgment (Code Civ. Proc., § 473 [relief from excusable neglect]). The court denied these motions without a hearing. Plaintiff appealed.

## II

### DISCUSSION

On appeal, plaintiff asserts, among other things, the trial court erred in denying her requests for a continuance. Because we agree, we reverse and remand, and need not reach the balance of plaintiff's claims on appeal.

## A. *Nature of Summary Judgment*

■ "Though often said, it appears necessary to again reiterate that a summary judgment is a drastic measure which deprives the losing party of trial on the merits." (*Bunzel v. American Academy of Orthopaedic Surgeons* (1980) 107 Cal.App.3d 165, 169 [165 Cal.Rptr. 433]; see also *Rincon v. Burbank Unified School Dist.* (1986) 178 Cal.App.3d 949, 952 [224 Cal.Rptr. 88].) The right to a jury trial, embodied in article I, section 16 of the California Constitution, is at stake. (See Troutman, *The Jury Trial* (1977) 51 Fla. B.J. 331, 332 [cautioning against too liberal summary judgment as an "abandonment of the hard-fought principles of our forefathers who believed that no amount of economy and efficiency is adequate consideration for a fair and impartial jury" trial].) Some cases refer to the constitutional rights argument as being a creature of "older decisions," because the summary judgment statute (Code Civ. Proc., § 437c) has been held constitutional. (See, e.g., *Scheiding v. Dinwiddie Construction Co.* (1999) 69 Cal.App.4th 64, 70 [81 Cal.Rptr.2d 360].) We agree there is "nothing in the summary judgment procedure [that] is inherently unconstitutional. [Citations.]" (*Ibid.*) But technical compliance with the procedures of Code of Civil Procedure section 437c is required to ensure there is no infringement of a litigant's hallowed right to have a dispute settled by a jury of his or her peers.

## B. *Right to Continuance*

■ To mitigate summary judgment's harshness, the statute's drafters included a provision making continuances—which are normally a matter within the broad discretion of trial courts—virtually mandated " 'upon a good faith showing by affidavit that a continuance is needed to obtain facts essential to justify opposition to the motion.' [Citation.]" (*Aguimatang v. California State Lottery* (1991) 234 Cal.App.3d 769, 803-804 [286 Cal.Rptr. 57].) That is, Code of Civil Procedure section 437c, subdivision (h) declares: "If it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition *may* exist but cannot, for reasons stated, then be presented, the court *shall* . . . order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just." (Italics added.) The drafters' inclusion of the italicized words "may" and "shall" leaves little room for doubt that such continuances are to be liberally granted. Indeed, as one court noted, "an opposing party can compel a continuance of a summary judgment motion"

by making a declaration meeting the requirements of section 437c, subdivision (h). (*Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765, 770-771 [57 Cal.Rptr.2d 4].)

Defendant contends plaintiff failed to comply with those requirements because she neither showed facts essential to justify opposition might exist nor explained why such facts could not be presented at the time. We disagree. Plaintiff submitted sufficient affidavits in connection with both her initial request for a continuance and her subsequent requests.

At the time of plaintiff's initial request for a continuance, her counsel declared that De Gracia testified in conflict with statements made in the declarations supporting defendant's motion. He also informed the court that he would not be receiving copies of the De Gracia deposition transcript for another week. In addition, counsel indicated he had noticed the deposition of the most knowledgeable witness pertaining to the history of the TAW system and any other procedure defendant used to add account numbers to deposit slips. That witness, Giannini, still had to be deposed. At the time of the subsequent applications, plaintiff's counsel had just received Giannini's deposition transcript, and requested more time to review it. Giannini and De Gracia were both declarants in support of defendant's motion. We are hard-pressed to imagine evidence more "essential to justify opposition" than that which might undermine the weight or credibility of declarations made in support of a motion for summary judgment.

Furthermore, when the initial application for a continuance was filed, plaintiff's counsel informed the court he had not yet received any documentation concerning plaintiff's idea and had demanded the production of documents regarding the history of the TAW system and any other procedure defendant used to add account numbers to deposit slips. Plaintiff did not receive the hundreds of pages of documentation defendant provided as descriptive of its procedures for imprinting account numbers on checks and deposit slips until after her initial opposition papers and request for continuance were filed. Critical to plaintiff's stolen idea claim is resolution of the issue whether defendant, pursuant to the TAW system, began imprinting account numbers on checks and deposit slips before the merger. Plaintiff was certainly entitled to a meaningful opportunity to review and evaluate the TAW system specifications and related documentation in order to oppose the summary judgment motion.

## C. *Diligence*

The trial court denied the continuance requests in part because it felt plaintiff had been dilatory in conducting discovery. The case was roughly 18 months old when the court denied the continuance. Plaintiff's counsel indicated that he delayed prosecution of the litigation until after the DFEH issued a right-to-sue letter, which occurred approximately eight months after this lawsuit was filed. Other delays resulted from defendant's request for priority and mutual agreements regarding scheduling. In sum, the delay in prosecution was at least partly justifiable, and it was not caused solely by plaintiff.

▪▪▪ "The purpose of the affidavit required by Code of Civil Procedure section 437c, subdivision (h) is to inform the court of outstanding discovery which is necessary to resist the summary judgment motion. [Citations.]" (*Scott v. CIBA Vision Corp.* (1995) 38 Cal.App.4th 307, 325-326 [44 Cal.Rptr.2d 902].) However, as stated by our colleagues in *Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 548 [30 Cal.Rptr.2d 706], it "is not sufficient under the statute merely to indicate further discovery or investigation is contemplated. The statute makes it a condition that the party moving for a continuance show 'facts essential to justify opposition may exist.' " In *Roth*, the party indicated additional depositions remained to be completed and expert opinions had yet to be received. (*Ibid.*) However, unlike the case before us, in *Roth* there was no statement suggesting what facts might exist to support the opposition to the summary judgment motion. (*Ibid.*)

There are other contexts in which courts have held the mere indication of a desire to conduct further discovery to be insufficient to support a continuance as well. For example, a continuance was not justified in *FSR Brokerage, Inc. v. Superior Court* (1995) 35 Cal.App.4th 69, 75-76 [41 Cal.Rptr.2d 404] when the party seeking to block the motion for summary judgment had had more than ample time for discovery and the additional discovery sought would have pertained to irrelevant issues. Also, in *Fisher v. Larsen* (1982) 138 Cal.App.3d 627, 648-649 [188 Cal.Rptr. 216], the denial of a continuance was proper when the party requesting the continuance had already conducted exhaustive discovery for more than two years, the court had received extensive evidence, and the requesting party was not prejudiced by the denial. Finally, in *A & B Painting & Drywall, Inc. v. Superior Court* (1994) 25 Cal.App.4th 349, 356-357 [30 Cal.Rptr.2d 418], a continuance

was not warranted because the party opposing summary judgment did not explain what efforts had been made to take the necessary depositions or why they could not have been taken earlier.

At first blush, *A & B Painting & Drywall, Inc. v. Superior Court, supra,* 25 Cal.App.4th 349, could be read to imply that lack of diligence alone may justify the denial of a continuance request. However, the requesting party in that case failed to comply with the Code of Civil Procedure section 437c, subdivision (h) requirement to explain why the essential facts could not then be presented. We question whether diligence alone should make or break a continuance request under Code of Civil Procedure section 437c, subdivision (h). The issue of discovery diligence is not mentioned in section 437c, subdivision (h), which raises obvious doubts about its relevance.

■ When lack of diligence results in a party's having insufficient information to know if facts essential to justify opposition may exist, and the party is therefore unable to provide the requisite affidavit under Code of Civil Procedure section 437c, subdivision (h), the trial judge may deny the request for continuance of the motion. (See, e.g., *Mahoney v. Southland Mental Health Associates Medical Group* (1990) 223 Cal.App.3d 167, 170 [272 Cal.Rptr. 602] [continuance denied for failure to present an affidavit]; *Danieley v. Goldmine Ski Associates, Inc.* (1990) 218 Cal.App.3d 111, 127-129 [266 Cal.Rptr. 749] [same].) But when a party submits an affidavit demonstrating that facts essential to justify opposition may exist but have not been presented to the court because the party has not been diligent in searching for the facts through discovery, the court's discretion to deny a continuance is strictly limited. (Cf. *Mary Morgan, Inc. v. Melzark, supra,* 49 Cal.App.4th at pp. 770-771.)

Judges are faced with opposing responsibilities when continuances for the hearing of summary judgment motions are sought. On the one hand, they are mandated by the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.) to actively assume and maintain control over the pace of litigation. On the other hand, they must abide by the guiding principle of deciding cases on their merits rather than on procedural deficiencies. (*Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, 1085 [94 Cal.Rptr.2d 575].) Such decisions must be made in an atmosphere of substantial justice. When the two policies collide head-on, the strong public policy favoring disposition on the merits outweighs the competing policy favoring judicial efficiency. (Cf. *Cordova v. Vons Grocery Co.* (1987) 196 Cal.App.3d 1526, 1532-1533 [242

Cal.Rptr. 605] [when evaluating dismissal of action for delay in prosecution, policy favoring expeditious administration of justice by compelling prompt and diligent prosecution of actions subordinate to policy favoring trial on merits].) ■ Here, there are two ways to read plaintiff's delay: either sensible case management or mere do-nothingness. As a matter of common law preference for resolution on the merits, the conflict should be resolved in plaintiff's favor.

As Code of Civil Procedure section 583.130 provides, with limited exceptions, "the policy favoring trial or other disposition of an action on the merits [is] generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action . . . ." The denial of a Code of Civil Procedure section 437c, subdivision (h) continuance due to lack of diligence may result in the granting of a motion for summary judgment, essentially no different from a Code of Civil Procedure section 583.410 dismissal for delay in prosecution. In either case, disposition on the merits is preferred. If the trial judge is faced with a situation in which a party opposing summary judgment may have shown minimal diligence, but the party is able to present an affidavit showing facts essential to justify opposition may exist and explaining why they cannot then be presented, the judge must consider other ways of handling the lack of diligence short of summary judgment. Like Othello, trial judges should be wary of turning a deaf ear to requests to consider more than the handkerchief of "no evidence" waved by a party opposing a summary judgment continuance.

In this case, plaintiff provided the requisite Code of Civil Procedure section 437c, subdivision (h) affidavit informing the court of outstanding discovery matters and why essential facts could not be presented at the time. Her strategy might well be termed by some as both tactical and practical, and by others as lacking in diligence. In any event, defendant does not suggest that it suffered any prejudice on account of plaintiff's due diligence deficit. And we will not automatically infer prejudice from any delay in prosecution plaintiff may have caused. (See *Ladd v. Dart Equipment Corp.* (1991) 230 Cal.App.3d 1088, 1106-1107 [281 Cal.Rptr. 813].) Moreover, the parties have provided no indication that there was a special reason to protect the trial date. Even were plaintiff's counsel wanting in diligence, where, as here, counsel makes some showing of excusable neglect, the policy favoring disposition on the merits outweighs the competing policy favoring judicial

efficiency. (Cf. *Cordova v. Vons Grocery Co., supra,* 196 Cal.App.3d at pp. 1532-1533.) That equation, applied here, requires that plaintiff be permitted to present and (for the first time) to have the court consider, the substance of her opposition to defendant's summary judgment motion. In this case, the court exceeded the bounds of its limited discretion.

### D.  *Improper Basis for Denial of Continuance*

■  It is worth noting one of the factors the court relied on as a ground for denying plaintiff a continuance was improper. The court feared that granting an opposition continuance would permit a disgruntled plaintiff to take a voluntary dismissal in the hope of drawing a more sympathetic judge upon refiling the complaint. But this concern would militate against summary judgment continuances *under any circumstances.* Besides, it is unfounded. Were a plaintiff to dismiss his or her complaint after a Code of Civil Procedure section 437c, subdivision (h) continuance had been granted, the court would retain jurisdiction to rule on the summary judgment motion. (See *Cravens v. State Bd. of Equalization* (1997) 52 Cal.App.4th 253, 255 [60 Cal.Rptr.2d 436] ["The plaintiff who waits until a motion for summary judgment has been filed, and the time for opposition has passed, to attempt to dismiss his or her complaint, is [still] subject to the trial court's continuing jurisdiction to hear and rule on the pending motion"]; *Mary Morgan, Inc. v. Melzark, supra,* 49 Cal.App.4th at p. 767 ["[A] plaintiff may not dismiss an action without prejudice after an adverse tentative summary judgment ruling has been announced and the hearing has commenced and is continued for the express and exclusive purpose of permitting the plaintiff an opportunity to produce opposition evidence it claims was previously unavailable"].)

### E.  *Defendant's Further Contentions*

Defendant asserts plaintiff is attempting to use the request for continuance as an excuse to obtain an opportunity to file a late supplemental opposition. And perhaps it would have been the more prudent course of action for plaintiff to have filed more comprehensive opposition papers at the outset. Nonetheless, as explained above, plaintiff had good cause to request both a continuance and an opportunity to file supplemental papers based on the evidence gathered after completing discovery.

Defendant also argues at length that the court properly granted its summary judgment motion on the merits. This we need not decide. The trial court may appropriately address the merits at the hearing on the summary judgment motion.

## III

### DISPOSITION

The judgment is reversed and remanded for further proceedings consistent with the views expressed herein. Plaintiff shall recover her costs on appeal.

Bedsworth, Acting P. J., and O'Leary, J., concurred.

A petition for a rehearing was denied June 20, 2001, and the opinion was modified to read as printed above.