Filed 5/30/13  Catiller v. Super. Ct. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EDWARD CATILLER et al., | B248439 |
| Petitioners, | (Los Angeles County Super. Ct. No. BC492719) |
| v. | (JCCP No. 4674) |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| DEXTER HYSOL AEROSPACE, LLC, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Emilie Harris Elias, Judge.  Petition granted.

Napoli Bern Ripka Shkolnik & Associates LLP and Rebecca A. Cucu for Petitioners.

No appearance for Respondent.

Lewis Brisbois Bisgaard & Smith LLP, Jeffry A. Miller, Arezoo Jamshidi, Caroline E. Chan and Arezou Khonsari for Real Party in Interest.

——————————————

Petitioners Edward and Barbara Catiller (collectively plaintiffs)[1] filed this action against numerous defendants based on the contention that Edward was exposed to asbestos while in the navy, which resulted in malignant pleural mesothelioma, a terminal cancer. During his navy career, Edward allegedly was exposed to asbestos contained in Hysol adhesives and sealants manufactured by real party in interest Dexter Hysol Aerospace, LLC (DHA).

On January 2, 2013, plaintiffs' motion for trial preference was granted. (Code Civ. Proc., § 36.)[2] The trial was scheduled for May 1, 2013.

On March 7, 2013, plaintiffs noticed the deposition of DHA's most knowledgeable person with the date of deposition set as March 19, 2013.

DHA failed to provide its most knowledgeable person to testify at deposition and did not produce the requested documents, by this means depriving plaintiffs of the opportunity to obtain evidence and material necessary to establish their allegations.

Rather than timely responding to the discovery requests, DHA filed a motion for summary judgment based on the contention that plaintiffs had no evidence that the products manufactured, sold, or provided by DHA caused or contributed to Edward's terminal mesothelioma.

---

[1] In the interest of clarity and for convenience, first names of the plaintiffs will be used when referenced as individuals.

[2] Statutory references are to the Code of Civil Procedure. Subdivision (a)(2) of section 36 provides for trial preference where: "The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation."

Subdivision (d) of section 36 further provides: "In its discretion, the court may also grant a motion for preference that is accompanied by clear and convincing medical documentation that concludes that one of the parties suffers from an illness or condition raising substantial medical doubt of survival of that party beyond six months, and that satisfies the court that the interests of justice will be served by granting the preference."

Plaintiffs filed an ex parte application to require production of documents and to compel deposition of DHA's most knowledgeable person.

In a series of ex parte applications in which plaintiff sought a definite date for the deposition, and DHA sought to delay the deposition, counsel for DHA stated the only date on which DHA would produce its representative was Friday, April 26, 2013, a date two weeks after plaintiffs' opposition to the summary judgment motion was due with only the weekend intervening before the date set for hearing on the motion for summary judgment, Monday, April 29, 2013.

By this means, plaintiffs were left without a reasonable time period to review the deposition in a meaningful manner and prepare a substantive response to the motion for summary judgment.

The trial court permitted this delay in discovery irrespective of the date for the hearing on DHA's motion for summary judgment and the imminent trial date, set for Wednesday, May 1, 2013.

Plaintiffs then filed a motion to continue the motion for summary judgment based on subdivision (h) of section 437c: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication or both that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court *shall* deny the motion, or *order a continuance* to permit affidavits to be obtained or discovery to be had or may make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due." (Italics added.)

A plaintiff must establish (1) threshold exposure to a defendant's asbestos-containing products; and (2) a reasonable medical probability that a particular exposure was more than a "negligible or theoretical" factor in causing his injury. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 975-978.) Plaintiffs provided evidence that DHA had purchased 523 pounds of "asbestos, resin-grade asbestos" but, in the absence of

3

complete discovery, could not establish the manner in which DHA had used the asbestos after the initial purchase.

Irrespective of this evidence and DHA's failure to cooperate in discovery, the trial court without explanation denied the motion for a continuance and granted the motion for summary judgment.

" '[A] summary judgment is a drastic measure which deprives the losing party of trial on the merits.' " (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 395.) "To mitigate summary judgment's harshness, the statute's drafters included a provision making continuances—which are normally a matter within the broad discretion of trial courts—virtually mandated . . . ." ( *Ibid*.; § 437c, subd. (h).)

Where the opposing party submits an adequate affidavit showing that essential facts *may* exist but cannot be presented timely, the court *must* either deny summary judgment or *grant* a continuance. (*Frazee v. Seely* (2002) 95 Cal.App.4th 627, 633.) The Legislature's inclusion of the words *"may"* and *"shall"* leaves "little room for doubt that such continuances are to be liberally granted." (*Bahl v. Bank of America*, *supra*, 89 Cal.App.4th at p. 395.)

On April 29, 2013, irrespective of defendant's obstruction of plaintiffs' timely efforts to obtain necessary and relevant evidence, the trial court inexplicably granted DHA's motion for summary judgment, stating plaintiffs had not provided evidence to support the contention that DHA was partially responsible for Edward's exposure to asbestos.

The court indicated that because the deposition of DHA's most knowledgeable person had taken place on Friday, April 26, 2013, "You had time for opposition." The court informed plaintiffs' counsel she could have expedited the transcript of a deposition that had taken place only the one weekend before the hearing on the summary judgment motion and provided it to the court prior to the hearing.

The court commented, "You know what? I'm done. . . I understand you want a continuance. You cannot have a continuance with your preference. . . . If you want to get rid of your preference and you want to go out forever for trial, fine. But otherwise

4

you have made a decision to go on short notice and we have to go on short notice. Because that is your right and that is what you've chosen to do."

Despite the trial court's comments, the fact that plaintiffs are entitled to trial preference pursuant to section 36[3] and have a preferential trial date based on Edward's health *cannot* be a factor in the entry of an adverse summary judgment particularly where, as here, the primary cause of the delay in discovery was DHA's delay in providing its most knowledgeable person for deposition.

On May 6, 2013, we notified the trial court and the parties of our conclusion that the trial court had erred in its denial of plaintiffs' request for a continuance and the granting of the motion for summary judgment (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171) and directed the trial court to comply with the procedure established in *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, and reconsider the order. The trial court failed to comply with the course of action set forth in *Brown*.

We have received opposition and a reply brief from the parties.

Having complied with all procedural requirements (*Palma v. U.S. Industrial Fasteners, Inc.*, *supra*, 36 Cal.3d 171), and having determined that plaintiffs' "entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue . . . ." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35), we conclude the trial court abused its discretion both in denying the request for continuance and in granting the motion for summary judgment. We therefore conclude this is an appropriate case for issuance of a peremptory writ of mandate in the first instance.

The petition for writ of mandate is granted.

---

**3**       Subdivision (f) of Code of Civil Procedure section 36 provides: "Upon the granting of such a motion for preference, the court shall set the matter for trial not more than 120 days from that date and there shall be no continuance beyond 120 days from the granting of the motion for preference except for physical disability of a party or a party's attorney, *or upon a showing of good cause stated in the record.* Any continuance shall be for no more than 15 days and no more than one continuance for physical disability may be granted to any party." (Italics added.)

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to:
(1) vacate the order granting summary judgment; (2) provide plaintiffs a 10-day period to prepare a substantive response to the summary judgment motion and allow plaintiffs to incorporate the deposition of DHA's most knowledgeable person into the opposition; (3) set a five-day period for DHA to file and personally serve any further briefing supporting its motion; (4) set a date for hearing the motion for summary judgment within 10 days thereafter, and (5) if the motion is denied immediately proceed to trial.

Plaintiffs shall recover all costs of this proceeding.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CROSKEY, Acting P. J.

ALDRICH, J.

HEESEMAN, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article 6, section 6 of the California Constitution.

6