Filed 5/30/13  Catiller v. Super. Ct. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EDWARD CATILLER et al., | B248435 |
| Petitioners, | (Los Angeles County Super. Ct. No. BC492719) |
| v. | (JCCP No. 4674) |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| SCHNEIDER ELECTRIC USA, INC., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Emilie Harris Elias, Judge.  Petition granted.

Napoli Bern Ripka Shkolnik & Associates LLP and Rebecca A. Cucu for Petitioners.

No appearance for Respondent.

K&L Gates LLP, Michele C. Barnes and Zachariah D. Baker for Real Party in Interest.

_____

Petitioners Edward and Barbara Catiller (collectively plaintiffs)[1] filed this action against numerous defendants based on the contention that Edward was exposed to asbestos while in the navy, which resulted in malignant pleural mesothelioma, a terminal cancer. During his navy career, Edward allegedly was exposed to asbestos contained in Square D arc chutes, arc shields and electric switches manufactured by real party in interest Schneider Electric USA, Inc. (SEI).

On January 2, 2013, plaintiffs' motion for trial preference was granted. (Code Civ. Proc., § 36.)[2] Trial was scheduled to begin on May 1, 2013.

On March 11, 2013, plaintiffs noticed the deposition of SEI's most knowledgeable person regarding the products that contained asbestos, the years they contained asbestos and the quantitative percentage of asbestos contained in the products. The date of deposition was set as March 26, 2013.

SEI did not timely provide its most knowledgeable person for deposition, thereby depriving plaintiffs of the opportunity to obtain information necessary to the action. Instead, SEI filed a motion for summary judgment based on the contention that plaintiffs had no evidence that the products used by Edward during his employment with SEI caused or contributed to his mesothelioma.

---

[1]   When the plaintiffs are referenced as individuals, first names will be used in the interest of clarity and convenience.

[2]   Statutory references are to the Code of Civil Procedure. Subdivision (a)(2) of section 36 provides for trial preference where: "The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation."

Subdivision (d) of section 36 further provides: "In its discretion, the court may also grant a motion for preference that is accompanied by clear and convincing medical documentation that concludes that one of the parties suffers from an illness or condition raising substantial medical doubt of survival of that party beyond six months, and that satisfies the court that the interests of justice will be served by granting the preference."

On April 9, 2013, plaintiffs appeared ex parte seeking to compel the deposition of SEI's most knowledgeable person. Counsel for SEI stated the only date on SEI would produce the representative was Thursday, April 25, 2013, a date two weeks after plaintiffs' opposition to the summary judgment motion was due and three days (including a weekend) before the motion was set for hearing on Monday, April 29, 2013. The trial court allowed this discovery delay irrespective of the date for the hearing on the motion for summary judgment and imminent trial date, a ruling that deprived plaintiffs of any meaningful opportunity to obtain the deposition transcript, review the transcript, and prepare a substantive response to the motion for summary judgment.

A plaintiff is required to make only a (1) threshold exposure to a defendant's asbestos-containing products; and (2) a reasonable medical probability that a particular exposure was a substantial factor that is, "more than negligible or theoretical" in causing Edwards's malignant pleural mesothelioma. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 975-978.)

Because of the discovery delay, plaintiffs filed a motion for a continuance of the summary judgment motion based on subdivision (h) of section 437c: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication or both that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court *shall* deny the motion, or *order a continuance* to permit affidavits to be obtained or discovery to be had or may make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due." (Italics added.)

On April 29, 2013, the trial court inexplicably denied the motion for a continuance and granted SEI's motion for summary judgment, indicating plaintiffs should have somehow obtained discovery at an earlier time and/or obtained a transcript of the deposition after only one court day *and* prepared substantive opposition to the summary judgment motion in order to provide evidence to support the contention that SEI was partially responsible for Edward's exposure to asbestos.

The court indicated that because the deposition of SEI's most knowledgeable person had taken place on Thursday, April 25, 2013, "You had time for opposition." The court commented, "I think there is a downside to everybody with regard to preference cases. Okay? If you want them, you got then. I give them to you when you ask for them. You could have done more discovery and then gotten it. That's all I can tell you."

Irrespective of the respondent's court statements, a plaintiff who is entitled to trial preference for reasons of health (§ 36) also is entitled to the mandatory continuance provided in subdivision (h) of section 437c. This is the rule, especially where, as here, the delay was caused in large part by a defendant's discovery delay.

The manner in which the trial court handled the discovery requests, the request for continuance, and the motion for summary judgment deprived plaintiffs of a viable opportunity to make the threshold showing of the possibility Edward's malignant pleural mesothelioma resulted, in part, from products manufactured by SEI. It is obvious that the delay of discovery was caused by SEI's failure to cooperate in discovery. We disagree with the trial court's language indicating that plaintiffs' were at fault in the delay of the deposition of SEI's most knowledgeable person until only one court day before the hearing on the motion for summary judgment.[3]

" '[A] summary judgment is a drastic measure which deprives the losing party of trial on the merits.' " (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 395.) "To mitigate summary judgment's harshness, the statute's drafters included a provision making continuances—which are normally a matter within the broad discretion of trial courts—virtually mandated . . . ." (*Ibid.*; Code Civ. Proc., § 437c, subd. (h).)

Where the opposing party submits an adequate affidavit showing that essential facts *may* exist but cannot be presented timely, the court *must* either deny summary judgment or *grant* a continuance. (*Frazee v. Seely* (2002) 95 Cal.App.4th 627, 633.) The Legislature's inclusion of the words *"may"* and *"shall"* leaves "little room for doubt that

---

[3]    SEI's contention that plaintiffs should have prepared substantive opposition and a separate statement of material facts is without merit or viability under the  circumstances present here.

such continuances are to be liberally granted." (*Bahl v. Bank of America*, *supra*, 89 Cal.App.4th at p. 395.)

The fact that plaintiffs have a preferential trial date[4] based on Edward's health should not result in an adverse summary judgment where the delay in discovery was caused by SEI's failure timely to provide its most knowledgeable person for deposition. The trial court's actions in this matter are a manifest abuse of its discretion, leaving plaintiffs insufficient time to review the deposition testimony and prepare a substantive response to SEI's motion for summary judgment.

On May 6, 2013, we notified the trial court and all parties of our preliminary decision to grant a peremptory writ of mandate in the first instance (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171), and gave the trial court an opportunity to change and correct its order in compliance with the course of action set forth in *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233. The time specified in the May 6, 2013 notice has expired and the trial court has taken no action to comply with the procedures established in *Brown*.

We have received both opposition to the issuance of a peremptory writ of mandate and a reply brief.

Having complied with all procedural requirements (*Palma v. U.S. Industrial Fasteners, In*c., *supra*, 36 Cal.3d 171), and having determined that plaintiffs' "entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue . . . ." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35), we

---

[4]     Subdivision (f) of section 36 provides: "Upon the granting of such a motion for preference, the court shall set the matter for trial not more than 120 days from that date and there shall be no continuance beyond 120 days from the granting of the motion for preference except for physical disability of a party or a party's attorney, *or upon a showing of good cause stated in the record*. Any continuance shall be for no more than 15 days and no more than one continuance for physical disability may be granted to any party." (Italics added.)

conclude the trial court abused its discretion both in denying the request for continuance and in granting the motion for summary judgment.

The petition for writ of mandate is granted.

**DISPOSITION**

The trial court is directed to: (1) vacate the order granting summary judgment; (2) provide plaintiffs a 10-day period to prepare a substantive response to the summary judgment motion and allow plaintiffs to incorporate the deposition of SEI's most knowledgeable person into the opposition; (3) set a five-day period for SEI to file and personally serve any further briefing supporting its motion; (4) set a date for hearing the motion for summary judgment within 10 days thereafter, and (5) if the motion is denied proceed to trial on the earliest possible date.

Plaintiff shall recover all costs of this proceeding.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CROSKEY, Acting P. J.

ALDRICH, J.

HEESEMAN, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article 6, section 6 of the California Constitution.